## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | |
|---|---|
| MOUSSA DIARRA,               : | |
|            : | |
|           **Plaintiff,**      : | |
|         : | **NO. 5:21-cv-276-MTT-CHW** |
|      **VS.**          : | |
|         : | |
| **GERARD SPIVEY;**       : | |
| *et al.,*              : | |
|         : | |
|          **Defendant.**     : | |
|         : | |

## ORDER OF DISMISSAL

Plaintiff Moussa Diarra, a pretrial detainee in the Dekalb County Jail in Decatur, Georgia, has filed a pro se civil rights complaint under 42 U.S.C. § 1983.   ECF No. 1.   He also moves to proceed *in forma pauperis*.   ECF No. 2.   Plaintiff's motion to proceed without prepayment of the filing fee is **GRANTED** and this action is **DISMISSED**.

### I.   REQUEST TO PROCEED *IN FORMA PAUPERIS*

Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a).   ECF No. 2.   As it appears Plaintiff is unable to pay the cost of commencing this action, his application to proceed *in forma pauperis* is hereby **GRANTED**.

However, even if a prisoner or detainee is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee.   28 U.S.C. § 1915(b)(1).

1

If the prisoner has sufficient assets, he must pay the filing fee in a lump sum.   If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available.   Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee.   28 U.S.C. § 1915(b)(4).   In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee. Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

Hereafter, Plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee.   The agency having custody of Plaintiff shall forward said payments from Plaintiff's account to the clerk of the court each time the amount in the account exceeds $10.00 until the filing fees are paid. 28 U.S.C. § 1915(b)(2).   The Clerk of Court is **DIRECTED** to send a copy of this Order to the Dekalb County Jail.

The warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is hereby authorized to forward payments from the

prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.  It is **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

Pursuant to provisions of the PLRA, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; Plaintiff shall continue to remit monthly payments as required by the PLRA.  Collection from Plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit payments. Plaintiff's complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity."   Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."   Additionally, 28 U.S.C. § 1915(e)(2)(B) requires a screening whenever any plaintiff is proceeding *in forma pauperis* against any defendant.   The

standard of review is the same under both statutes.

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (citations omitted).   A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (quotations and citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true.   *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004).   Moreover, *"[p]ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."   *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person

4

acting under color of state law. *Hale v. Tallapoosa Cty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because the plaintiff's factual allegations were insufficient to support the alleged constitutional violation); 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in § 1915A "shall" be dismissed on preliminary review).

### III. STATEMENT AND ANALYSIS OF CLAIMS

Plaintiff's complaint is far from a model of clarity.[1] Allowing Plaintiff to file an amendment in which he might further explain his claims against the named Defendants would, however, be futile. No amendment to his complaint could overcome the fact that the named Defendants are not state actors, and any 42 U.S.C. § 1983 action is time-barred.

Plaintiff states this is "[a] civil action brought pursuant to 42 U.S.C. § 1983." ECF No. 1 at 1. He alleges that he and Gerard Spivey were involved in a motor vehicle wreck

---

[1] The same can be said of all twelve complaints or petitions that Plaintiff has filed in this Court during July 2021. *See Diarra v. West Cent. Ga. Reg'l Hosp.*, 4:21-cv-112-CDL-MSH (filed July 2, 2021); *Diarra v. Dekalb Cty. Jail*, 4:21-cv-113-CDL-MSH (filed July 2, 2021); *Diarra v. Kemp*, 4:21-cv-114-CDL-MSH (filed July 2, 2021); *Diarra v. ROC National LLC*, 4:21-cv-115-CDL-MSH (filed July 2, 2021); *Diarra v. Dep't of Health and Human Serv.*, 4:21-cv-116-CDL-MSH (filed July 2, 2021); *Diarra v. ACCC Ins. Co.*, 5:21-cv-248-TES-CHW (filed July 21, 2021); *Diarra v. Brown*, 5:21-cv-249-TES-CHW (filed July 21, 2021); *Diarra v. Al Furquann Found.*, 5:21-cv-250-MTT-MSH (filed July 21, 2021); *Diarra v. Broadus*, 5:21-cv-251-MTT-CHW (filed July 21, 2021); *Diarra v. Soc. Sec'y Admin.*, 5:21-cv-252-TES-CHW (filed July 21, 2021); *Diarra v. Fed. Bureau of Investigation*, 5:21-cv-253-TES-MSH (filed July 21, 2021).

in February 2017.  *Id*. at 3-4.  According to Plaintiff, Spivey was at fault.  *Id*. at 4. Plaintiff alleges that Safe Auto Insurance and Progressive Insurance acted in "bad faith" when they "denied [Plaintiff] access to proper information to prevent him from filing an insurance claim."  *Id*. at 3.  Plaintiff states the insurance companies denied his claims or prevented him from filing claims sometime between February 6, 2017 and February 2018. *Id*. at 4.

"Section 1983 provides judicial remedies to a claimant who can prove that **a person acting under color of state law** committed an act that deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States.  *Hale*, 50 F.3d at 1582 (emphasis added) (citing 42 U.S.C. § 1983); *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992) (stating that "[a] successful section 1983 action requires a showing that the conduct complained of was . . . committed by a person acting under color of state law").  The first relevant question is, therefore, whether any of the named Defendants' conduct, actions, or inactions can be "'fairly attributable to the State.'" *Harvey*, 949 F.2d at 1130 (quotation omitted).  They cannot.  Plaintiff's allegations do not show that Defendant Gerard Spivey was acting under color of state law when he was involved in an automobile wreck with Plaintiff.  Similarly, Progressive Insurance Company and Safe Auto Insurance Company were not acting under color of state law when they failed to pay or process Plaintiff's claims or otherwise acted in "bad faith."  ECF No. 1 at 3.

It also does not appear that the named Defendant's violated any of Plaintiff's federal

rights.   While Plaintiff may have some type of tort action against Spivey and/or some type of contract action against the named insurance companies, it does not appear these Defendants deprived Plaintiff of some right, privilege, or immunity protected by the Constitution or federal laws.

The Court also notes that Plaintiff's action is barred by the statute of limitations. According to Plaintiff, the events about which Plaintiff complains happened from February 2017 to February 2018.   ECF No. 1 at 4.   He filed this action on July 21, 2021.   *Id*. at 6. The statute of limitations for a 42 U.S.C. § 1983 action is the forum state's statute of limitations for personal injury actions. *Owens v. Okure*, 488 U.S. 235, 249-50 (1989). Georgia's two-year statute of limitations applies.   *Lovett v. Ray*, 327 F.3d 1181, 1182 (11th Cir. 2003).   The statute of limitations begins to run when the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights.   *Rozar v. Mullis*, 85 F.3d 556, 561-62 (11th Cir. 1996). Here, the latest that the statute of limitations began to run was February 2018.   More than two years passed before Plaintiff filed his suit.   Thus, his action is time barred and must be dismissed.   *See Clark v. State of Georgia Pardons and Paroles Bd.,* 915 F.2d 636, 640 n.2 (11th Cir.1990) (affirmative defenses, such as a statute of limitations defense, apparent on the face of the complaint justifies dismissal under 28 U.S.C. § 1915(d)); *Salas v. Pierce*, 297 F. App'x 874, 877 (11th Cir. 2008) (claims filed after the expirations of the statute of limitations are time-barred).

Accordingly, Plaintiff's complaint is **DISMISSED WITH PREJUDICE** as

frivolous.[2]   28 U.S.C. § 1915A(b)(1).   Plaintiff's "motion for special appointment for service of process" (ECF No. 4); "motion, notice of non-consent of referral to Magistrate Judges pursuant to 28 U.S.C. § 636" (ECF No. 5); and "motion to object and motion for transfer of an action" (ECF No. 7) are **DENIED**.

**SO ORDERED** this 24th day of August, 2021

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[2] "A claim is frivolous if and only if it 'lacks and arguable basis either in law or in fact.'"   *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citation omitted).   Using this standard, Plaintiff's claims are frivolous.   *Clark*, 915 F.2d at 640 n.2 (stating that "the expiration of the statute of limitations is an affirmative defense the existence of which warrants a dismissal as frivolous").   No amendment could overcome the fact that the named Defendants are not state actors or that the statute of limitations has run.   A dismissal with prejudice without allowing amendment is, therefore, appropriate.   *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (citing *Burger King Corp. v. C. R. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999) (stating no need to allow amendment before dismissing with prejudice if amendment would be futile); *Dysart v. BankTrust*, 516 F. App'x. 861, 865 (11th Cir. 2013) (finding that "district court did not err in denying [plaintiff's] request to amend her complaint because an amendment would have been futile"); *Simmons v. Edmondson*, 225 F. App'x. 787, 788-89 (11th Cir. 2007) (finding district court did not err in dismissing complaint with prejudice without first giving plaintiff opportunity to amend because no amendment could overcome the defendants' immunity and would have, therefore, been futile).